Per Curiam.
Appellant, a putative father,[1] challenges the denial of his motion to intervene and motion for relief from a final judgment of termination of parental rights, claiming he had no notice of the proceedings. Because he did not register with the Florida Putative Fathers Registry pursuant to section 63.054, Florida Statutes (2016), he was not entitled to notice. See § 68.088(1), Fla. Stat. (2016). The final judgment of termination concluded that there was no legal father, and that the appellee had made a diligent search for a father, including a search of the Putative Fathers Registry. Appellant, in seeking to intervene post-judgment and in seeking relief from judgment, did not raise the constitutional challenge to the statute that he raises on appeal—an as-applied challenge to the registry and notice provisions of the statute. He cannot raise such a challenge for the first time on appeal. Trush-in v. State, 425 So.2d 1126, 1129-30 (Fla. 1982). His procedural arguments were likewise not preserved in the trial court.

Affirmed.

Warner, Gross and May, JJ., concur.

. Appellant’s paternity of the subject child has never been established. The child was born in April 2014, removed from the mother in July 2014, and a final judgment of termination was entered in January 2016. Appellant sought to intervene in May 2016.